■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIE RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 23, 1974, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Hopkins, Acting P. J., Cohalan, Rabin and Titone, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and grant defendant's motion for leave to withdraw his plea of guilty, with the following memorandum: Defendant made the following statements at the plea taking. He was an unemployed musician whose wife and son were compelled to return to her family because he was unable to support them. His former booking agent induced him, by repeated promises of work, to take the booking agent's

"cousin" (the undercover agent) to a certain barbershop to purchase cocaine. He merely accompanied the undercover agent to the barbershop, vouched that the agent was not a police officer and waited while the agent made the purchase. Following this statement, the court informed the defendant that he had admitted commission of the crime of criminal possession of a controlled substance in the second degree, and accepted his plea of guilty to that offense. At the sentencing, the defendant, who had had no previous experience or conflict in a criminal court, sought to withdraw his plea. He stated that he had never been involved in drug dealings, that he had been persuaded to plead guilty by the court's statements that it was time to bring the case to trial, by the prosecutor's statement that the offer of the plea would be withdrawn upon the selection of a jury, by the entrance of the jury panel into the courtroom, and by his fears, which were based upon his having heard that everyone who stands trial is found guilty, regardless of guilt or innocence, and sentenced to prison for 15 years to life. In my opinion, on this record, the defendant's plea should not have been accepted. His statements at the plea taking indicate that he may not have been guilty of the crime to which he pleaded guilty, as they fail to establish his possession, either actual or constructive, of the contraband and that he may have been guilty, at most, of criminal facilitation. Therefore it was then the duty of the court "to advise the defendant that his admissions did not necessarily establish guilt of the crime to which he was pleading and to question him further both with regard to his story of the crime and as to the possible disposition of his request to change his plea" (see *People v Serrano,* 15 NY2d 304, 309–310).