■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE C. BURTON, Appellant.—Judgment of the County Court, Nassau County, rendered March 1, 1977, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO CALDAROLA, Also Known as ANGELO CALDAROCA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered April 28, 1976, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. In this case the defendant asks that the judgment of conviction be reversed principally because, during the taking of his plea of guilty, he was not questioned as to whether the offense took place "at night". The record indicates to the contrary. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CHERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 30, 1975, convicting him of robbery in the first degree (eight counts), burglary in the first degree (six counts), and rape in the first degree (two counts), upon a plea of guilty, and imposing sentence. Judgment affirmed. When, during pretrial proceedings, the defendant-appellant sought to withdraw his plea of not guilty and substitute a guilty plea, the trial court, before accepting the plea, properly made inquiry as to the circumstances of the charged crimes, rather than allowing "the mere mouthing of the word 'guilty'" (see *People v Serrano*, 15 NY2d 304, 308). Although the defendant did not specifically admit, nor was questioned about, every fact required to form the predicate for each count charged, the plea, knowingly and intelligently made, supports the convictions (see *People v Creazzo*, 39 AD2d 748). The defendant was well aware of the crimes he was charged with and the action the court would take upon accepting the plea; the admissions were not inconsistent with the charged crimes and the court went far beyond a mere cursory interrogation (cf. *People v Rowell*, 56 AD2d 666; *People v Stone*, 54 AD2d 918). Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO CIRILLO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 4, 1976, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The People proved the defendant's guilt beyond a reasonable doubt. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.