■ In the Matter of FLORIAN YANDEL, JR., Petitioner, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination dated March 8, 1978, which found that petitioner had illegally transferred ownership and operation of the Ramapo General Hospital without approval of the Public Health Council, and fined him $1,000. Petition granted, determination annulled, on the law, with costs, and the charges against the petitioner are dismissed. At the hearing the officer presiding explicitly excluded the charge that the petitioner illegally transferred ownership of the Ramapo General Hospital to one not approved by the Public Health Council because petitioner had not received adequate notice of that charge. To rule on the issue after the hearing ended, as was done here, and conclude that it was properly before the hearing officer is a denial of due process (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 396; see, also, *Matter of Sowa v Looney,* 23 NY2d 329, 333). As to the second charge, the record clearly indicates that petitioner did not transfer operation of the hospital until after he had been instructed to do so by the Commissioner of Health, in compliance with an order of the Supreme Court, Rockland County. Lazer, J. P., Rabin, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO AGURTO, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered May 31, 1978, each convicting him of one count of criminal sale of a controlled substance in the second degree, upon his pleas of guilty, and sentencing him to two concurrent indeterminate terms of imprisonment of from six years to life. Judgments affirmed. No "mandatory catechism" is required of a pleading defendant, particularly where, as here, he has been advised by competent counsel and no prejudice has been shown to have resulted from the omission of detailed factual inquiry (see *People v Nixon,* 21 NY2d 338). It is noteworthy that if the defendant had succeeded in vacating his reduced plea to the more serious indictment charging, *inter alia,* criminal sale of a controlled substance in the first degree, an A-1 felony, while the judgment on the other indictment remained untouched he would, in fact, have been placed in a worse position than he occupied originally. While facing trial on the more serious indictment, he would have been required to continue serving his original sentence on the other indictment and, if convicted at trial of the A-1 felony, would have received a mandatory minimum sentence of not less than 15 nor more than 25 years. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.