■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE ROCKWOOD, Appellant. — Judgment, Supreme Court, Bronx County, rendered June 22, 1979, convicting defendant upon his plea of guilty to robbery in the first

degree (two counts), robbery in the second degree (two counts), assault in the second degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the second and fourth degrees, and sentencing him to terms of imprisonment of 4 to 12 years on each of the robberies, 3 to 9 years on the assault charge and one weapons offense, and to definite one-year terms of imprisonment on the unlawful imprisonment and fourth degree weapons offense, each to be served concurrently, unanimously modified, on the law, to reduce the sentence on the count of assault in the second degree to 2⅓ to 7 years and to vacate the conviction on the count of unlawful imprisonment and to dismiss that count of the indictment and otherwise affirmed. Upon the plea proceedings, defendant admitted that, armed with a loaded pistol and accompanied by others, he entered a grocery store and committed a robbery. While the robbery was in progress, defendant shot an employee of the grocery in the leg when the employee lunged at the robbers with a knife. Defendant also admitted that on the same evening, he and the others committed a second armed robbery at a luncheonette. On appeal, the only issues raised by defendant meriting consideration are that (1) his sentence of 3 to 9 years for assault in the second degree is in excess of the maximum provided by law, and (2) his indictment for unlawful imprisonment should be dismissed because no evidence of his having committed this crime was presented. The District Attorney, with commendable candor, concedes that the defendant's sentence to 3 to 9 years for assault in the second degree is illegal. The maximum sentence is seven years, assault in the second degree being a class D felony (Penal Law, § 70.00, subd 2;§ 120.05). Accordingly, we have modified the sentence on that count to 2⅓ to 7 years since it is plain that the Trial Judge intended to impose the maximum sentence. The fifth count of the indictment, charging unlawful imprisonment, alleges that defendant and two others forced the victim at gunpoint to drive the defendant from The Bronx to Manhattan. Although defendant pleaded guilty to that count the Trial Judge at no point in the colloquy addressed this count of the indictment and the defendant did not admit to any facts which would support a conviction on this count. It is the duty of the Trial Judge when taking a plea of guilty to require as a condition thereof that the defendant admit to facts which support the indictment *(People v Lebron,* 68 AD2d 836; *People v Serrano,* 15 NY2d 304). Unless an *Alford* plea is interposed *(North Carolina v Alford,* 400 US 25), there must be an admission by the defendant to the commission of acts which would support an indictment and conviction of the crime to which the plea is taken. By reason of the failure to do so, we have vacated the plea and judgement of conviction of the crime of unlawful imprisonment in the first degree and dismissed that count of the indictment. Concur — Kupferman, J. P., Fein, Ross, Bloom ad Carro, JJ.