■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR PERKINS, Appellant. — Motion by respondent for reargument of the appeal from a sentence of the Supreme Court, Kings County, imposed March 18, 1980, and upon said reargument, to vacate this court's order dated December 21, 1981, which reversed the sentence, on the law, vacated the second felony offender adjudication and remitted the case to Criminal Term for resentencing (*People v Perkins*, 85 AD2d 674). Motion granted; the order and decision of this court, both dated December 21, 1981, are recalled and vacated and the following decision is substituted therefor: Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Eiber, J.), imposed March 18, 1980, upon his adjudication as a second felony offender. Sentence affirmed. The predicate felony conviction upon which the second felony offender adjudication was based was of robbery in the third degree. Defendant maintains that the plea allocution leading to that conviction was deficient since he did not admit that his taking of the property was "forcible", so as to constitute robbery (Penal Law, § 160.00). The issue is not properly before us at this juncture. A challenge to a plea based on an insufficient factual recitation is to be distinguished from a challenge based on constitutional grounds, which may be sustained even if raised for the first time at a second felony offender hearing (CPL 400.21, subd 7, par [b]; cf. *People v Pruitt*, 83 AD2d 872; *People v De Berry*, 73 AD2d 652; *People v Brown*, 67 AD2d 949). In any event, a plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if "[t]here is no suggestion in the record or dehors the record that the guilty plea was improvident or baseless" (*People v Fooks*, 21 NY2d 338, 350, cert den *sub nom. Robinson v New York*, 393 US 1067), particularly where, as here, defendant was actively represented by counsel and made no effort to withdraw the plea (see *People v Rodriguez*, 56 AD2d 665, affd 43 NY2d 860; *People v Colon*, 77 AD2d 370; *People v Agurto*, 70 AD2d 882; *People v Cherry*, 59 AD2d 722; cf. *People v Daniels*, 75 AD2d 605). Titone, J. P., Weinstein, Gulotta and Rubin, JJ., concur.