■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL LEWIS, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM RAMSEY, Respondent. — Judgment of the Supreme Court, New York County (Shorter, J.), entered on August 31, 1982, which, following a jury trial, convicted defendant Carl Lewis of grand larceny in the third degree and criminal possession of stolen property in the second degree and sentenced him to an indeterminate term of one to three years, is reversed, on the law, the sentence vacated, and the matter remanded for resentence of defendant as a predicate felon. Judgment of the Supreme Court, New York County (H. Altman, J.), rendered on January 12, 1982, which, pursuant to a plea of guilty, convicted defendant William Ramsey of criminal possession of a controlled substance in the fifth degree and sentenced him to an indeterminate term of 1⅓ to 4 years, is reversed, on the law, the sentence vacated, and the matter remanded for resentence of defendant as a predicate felon. Although these two cases are based on entirely unrelated transactions, the issue involved is the same — what constitutes an adequate plea colloquy. In both instances the sentencing court granted the defendant's motion to controvert the People's predicate felony statement and sentenced the defendant as a first felony

offender. In the *Lewis* matter, the court, having examined the minutes in connection with the defendant's 1973 plea of guilty to criminal possession of a weapon as a felony, concluded that the failure of the Judge to advise the defendant of his right to remain silent and the fact that he was subjecting himself to the possibility of a future predicate felony sentence rendered the plea constitutionality defective. In the *Ramsey* matter, the court also studied the minutes of the defendant's prior plea (here concerning a 1979 plea to attempted burglary in the third degree) and determined that the Judge had not informed the defendant that he was waiving his privilege against self incrimination and his right to confront his accusers, and, therefore, the defendant could not be deemed a predicate felon. However, in both cases the court apparently misconstrued the holding of the United States Supreme Court in *Boykin v Alabama* (395 US 238), which does not mandate that a court taking a plea enumerate each and every right that is being waived by the defendant. The conviction in *Boykin* was reversed because the court found therein a lack of any showing whatever that the defendant's plea had been made intelligently and voluntarily in that both the Judge and the defendant did not participate in the allocution. In *Brady v United States* (397 US 742, 747-748, n 4), the Supreme Court explained its *Boykin* ruling as establishing the requirement that "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." Moreover, the New York State Court of Appeals has also declared that no uniform catechism is necessary. (*People v Francis*, 38 NY2d 150; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067.) The standard is whether, according to the facts and circumstances of the particular case, the plea was voluntarily and intelligently entered. There is no indication in the record of either the *Lewis* or *Ramsey* plea proceeding that the defendant's plea was anything other than voluntary and intelligent and, consequently, in full compliance with constitutional imperatives. In each instance, the defendant was represented by counsel and was advised by the court that in pleading guilty, he was relinquishing certain fundamental rights. Both defendants acknowledged that they understood what they were doing. In addition, Lewis had an extensive criminal history including numerous prior convictions. The mere fact that a Judge may neglect to include one or two possible warnings does not invalidate an otherwise satisfactory allocution. (Contra, *People v Alicea,* 89 AD2d 872, application for lv to app granted 58 NY2d 826.) Therefore, the sentencing courts in *Lewis* and *Ramsey* improperly granted the motion to controvert. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.