■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN S., Appellant. — Judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 16, 1980, affirmed. (See CPL 470.05, subd 2.) Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERT SARGENT, Respondent. — Appeal by the People from a sentence of the Supreme Court, Queens County (Rotker, J.), imposed November 18, 1982, following a determination that defendant could not be sentenced as a predicate felon because his 1976 guilty plea had been obtained in violation of his constitutional rights. ¶ Sentence vacated, on the law, and matter remitted to the Supreme Court, Queens County, for resentencing as a second felony offender. ¶ At the outset, we note for jurisdictional purposes that the instant sentence is appealable by the People as of right (see *People v Anderson,* 100 AD2d 937; CPL 450.20, subd 4; 450.30, subds 2, 3). ¶ Turning to the merits, the sentencing court declined to sentence defendant as a second felony offender on the ground that his 1976 guilty plea had been obtained in violation of his constitutional rights. The court reached this conclusion principally on the ground that during the plea allocution defendant did not elaborate upon his involvement in the crime and was not advised of all the rights he was waiving by the plea. This was error. ¶ As the Court of Appeals recently indicated in *People v Harris* (61 NY2d 9), the failure to elicit an affirmative waiver on the record of the rights defendant is waiving or a recitation of the underlying facts of the crime to which defendant is pleading guilty does not render a plea deficient; rather, "[t]he key issue * * * is whether the [defendant] knowingly, voluntarily and intelligently relinquished [his] rights" when he pleaded guilty (*People v Harris, supra,* p 17). ¶ An examination of the minutes of defendant's 1976 plea reveals that he was represented by counsel, with whom he consulted. The record further reveals that defendant acknowledged that he wished to plead guilty, that he was pleading voluntarily and had not been coerced or threatened into taking the plea, and that in entering the plea he was waiving his right to a trial by jury. Moreover, the trial court informed defendant what his sentence would be and the impact of a prior felony conviction upon the promised sentence; defendant acknowledged that he understood the court. Finally, defendant acknowledged both the facts underlying the offense and his guilt of the acts charged. ¶ In light of this record and all the relevant circumstances, we conclude that defendant "knowingly, voluntarily and intelligently relinquished [his] rights upon" pleading guilty and that he should accordingly have been sentenced as a second felony offender (*People v Harris, supra,* p 17; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Lewis,* 94 AD2d 670; *People v Moore,* 91 AD2d 1050; *People v Perkins,* 89 AD2d 956; *People v Jones,* 81 AD2d 22; *People v Colon,* 77 AD2d 370). Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.