■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH WILLIE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Edelstein, J.), rendered July 1, 1982, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We note that the issues raised by the defendant concerning his plea of guilty were not presented to the court of first instance by way of a motion to withdraw the plea or to vacate the judgment. Accordingly, those issues have not been preserved for our review (see *People v Pellegrino,* 60 NY2d 636; *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338). In any event, were we to address the merits, we would affirm. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOMER WILSON, Appellant. — Three judgments of the Supreme Court, Westchester County (Jones, J.), all rendered December 10, 1974, affirmed. ¶ The evidence is sufficient to support the finding beyond a reasonable doubt of defendant's guilt of attempted murder of a police officer. Defendant's other contentions also lack merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMOOD MOZAB, Appellant. — Judgment of the Supreme Court, Kings County (Vetrano, J.), rendered May 13, 1980, affirmed (see *People v Pellegrino,* 60 NY2d 636). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.

# (May 14, 1984)

■ BRUNO AIELLO et al., Appellants, v LARS P. QUALBEN et al., Respondents. — In an action, *inter alia,* for a declaration that plaintiffs have the right to possession and/or use of a certain parcel of land and injunctive relief against defendants barring them from such possession and/or use, plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Curran, J.), entered March 7, 1983, as dismissed their complaint, decreed that they have no right, title or interest in or to real property known as lot 10, also known as lot 45, in block 343 on the tax map of Kings County, enjoined them from entering upon said parcel of land, and assessed costs against them. ¶ Judgment reversed, insofar as appealed from, on the law and the facts, complaint reinstated as appealed from, on the law and the facts, complaint reinstated, injunction vacated, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. ¶ At trial, plaintiffs proved a record chain of title to lot 3 and record ownership of a one-ninth fee interest in lot 10, also known as lot 45, in block 343 on the tax map of Kings County. Hence, it was error to dismiss the complaint. ¶ Upon remittitur, defendants, if so advised, may renew their first counterclaim based on their claim of adverse possession and join as parties defendant the owners who are not now parties to this action so that a complete determination of the issues of title and the right to possession of said property may be had in a single proceeding, in the interest of judicial economy (CPLR 1001). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.