■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant. — Appeals by defendant from five judgments of the Supreme Court, Queens County (Rotker, J.), all rendered July 6, 1983, convicting him of robbery in the first degree (five counts), robbery in the second degree, grand larceny in the first degree, attempted rape in the first degree, attempted sexual abuse in the first degree, robbery in the third degree (two counts), criminal possession of a weapon in the fourth degree (two counts), and criminal possession of stolen property in the third degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

We note that the issue raised by the defendant concerning his pleas of guilty was not presented to the court of first instance by way of a motion to withdraw the plea or vacate the judgment. Accordingly, that issue has not been preserved for review (see *People v Pellegrino,* 60 NY2d 636; *People v Willie,* 101 AD2d 819; *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338). In any event, were we to address the merits, we would affirm.

Defendant contends that Criminal Term erred during the plea allocution by not advising him that he could cross-examine the People's witnesses, testify in his own behalf, force the People to prove his guilt beyond a reasonable doubt and that a guilty verdict by the jury would have to be unanimous. It is well established that no uniform mandatory catechism of pleading defendants is required (*People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). The record before us demonstrates that the fundamentals of plea taking were observed and that the defendant's pleas were knowingly and voluntarily entered (*People v Harris,* 61 NY2d 9).

Regarding defendant's sentences, which he claims are excessive, he pleaded guilty with the understanding that he would receive the sentences which were thereafter actually imposed. On this record, defendant has no basis to now complain that his sentences were excessive. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.