■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LOTZE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Barlow, J.), rendered April 23, 1979, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant did not raise his objections to the adequacy of the plea allocutions in the court of first instance and thus failed as a matter of law, to preserve his claim for appellate review (*see, People v Pellegrino,* 60 NY2d 636; *People v Willie,* 101 AD2d 819). In any event, defendant's contention, *inter alia,* that his belated assertion of a justification defense undermined the integrity of his conviction, is without merit. Upon hearing the defendant utter the words "self defense" the court asked defendant's attorney if there was any viability to the defense and promptly offered the defendant an opportunity to withdraw his plea of guilty. After consulting with the defendant's parents, both the defendant and his attorney told the court that the defendant did not wish to withdraw the guilty plea, and sentence was imposed. These facts do not warrant a reversal of the conviction in the interest of justice. Rather, the record before us demonstrates that the defendant's plea was knowingly and voluntarily entered (*People v Harris,* 61 NY2d 9). Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MARTINEZ, Also Known as JOSE RODRIGUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered October 4, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and sentencing him to a term of imprisonment of 2 to 6 years.

Judgment affirmed.

By failing to move to withdraw his plea prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, defendant has not preserved for appellate review any alleged insufficiency in the plea allocution (*see, People v Pellegrino,* 60 NY2d 636; *People v Lowry,* 64 AD2d 1136; *People v Mattocks,* 100 AD2d 944). In any event, an examination of the record reveals that the plea was knowingly and voluntarily entered and properly received by the court (*see, People v Harris,* 61 NY2d 9; *People v Sargent,* 100 AD2d 978). Nor was a sentence of 2 to 6 years' imprisonment excessive as it was the minimum allowable by statute (Penal Law § 70.02 [2] [a]; [3], [4]). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.