■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GILLARD, Also Known as MITCHELL STOKES, Appellant. — Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered on January 19, 1983, which convicted defendant, upon his plea of guilty, of grand larceny in the third degree and sentenced him, as a predicate felon, to a term of from 1½ to 3 years, is unanimously modified, on the law, to the extent of reversing the sentence and remanding the matter for resentence, and otherwise affirmed.

The trial court properly declined to hold a hearing in connection with defendant's motion to controvert the allegations contained in the People's predicate felony statement since no disputed questions of fact were involved therein. Defendant did not challenge that he was the person referred to in the predicate felony statement nor did he contest the date of the crime, the county of jurisdiction or the nature of the offense. The sole issue before the court was one of law — that is, whether the prior plea had been constitutionally obtained. In that regard, an examination of the minutes of that plea reveals a complete absence in the allocution of any admission of conduct by the defendant such as would constitute the crime to which he was pleading. Although a predicate conviction upon a guilty plea is not generally invalid simply because the trial court failed to specifically enumerate all of the rights to which the defendant was entitled (*People v Harris,* 61 NY2d 9), a plea may not be accepted without any inquiry into the underlying acts committed by the defendant

that would establish the crime upon which the conviction is based. (*People v Serrano,* 15 NY2d 304; *People v Rockwood,* 78 AD2d 845.) Consequently, the prior plea herein should not have been served as a predicate for the instant sentence. Concur — Ross, J. P., Asch, Bloom, Milonas and Ellerin, JJ.