■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH SAVINO, Respondent.—Appeal by the People from two sentences of the Supreme Court, Westchester County (Ingrassia, J.), both imposed July 27, 1983, upon defendant's pleas of guilty to robbery in the first degree (two counts), and grand larceny in the third degree, and following a determination that defendant could not be sentenced as a second felony offender because his 1978 guilty plea had been obtained in violation of his constitutional rights, the sentences being two terms of imprisonment of 4 to 12 years and a term of imprisonment of 1 to 4 years, all terms to run concurrently.

Sentences reversed, on the law, and case remitted to Criminal Term for resentencing as a second felony offender.

The sentencing court declined to sentence defendant as a second felony offender on the ground that his guilty plea to the predicate felony, i.e., attempted robbery in the second degree, was constitutionally defective. The court reached this conclusion principally on the ground that during the plea allocution on that prior felony defendant did not specifically elaborate on all of the elements of the crime of which he stood convicted. Criminal Term's determination is in error.

Initially, we note that defendant had not preserved as a matter of law the issue of the insufficiency of the factual recitation in his prior allocution. "A challenge to a plea based on an insufficient factual recitation is to be distinguished from a challenge based on constitutional grounds, which may be sustained even if raised for the first time at a second felony offender hearing" (People v Perkins, 89 AD2d 956). Nor do the facts of this case merit our reaching that issue in the interest of justice. The failure to elicit a full and complete recitation of the underlying facts of the prior crime did not render that plea deficient. Even in the absence of an inquiry by the court as to the factual basis of a plea, the plea may be sustained since "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (People v Clairborne, 29 NY2d 950, 951).

As the Court of Appeals indicated in People v Harris (61 NY2d 9, 17), "[t]he key issue in these cases * * * is whether the defendant * * * knowingly, voluntarily and intelligently relinquished [his] rights" when he pleaded guilty. The record of the prior proceedings and all relevant circumstances affirmatively demonstrate that defendant "knowingly, voluntarily and intelligently relinquished [his] rights" when he entered a plea of guilty to the prior felony and that he should accord-

ingly have been sentenced as a second felony offender *(see, People v Sargent,* 100 AD2d 978; *People v Perkins, supra).* Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.