■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PIERRE DAVIS, Respondent.—Judgment of the Supreme Court, New York County (Norman C. Ryp, J.), rendered on August 15, 1985, convicting defendant, following a jury trial, of grand larceny in the third degree and sentencing him to a definite term of six months plus 4½ years' probation, is modified on the law, the sentence vacated and the matter remanded for resentencing, and, as so modified, the judgment is otherwise affirmed.

Following a jury trial held in connection with the instant matter, defendant was convicted of grand larceny in the third degree as the result of an incident which occurred on August 16, 1983. On that date, defendant was apprehended by police after snatching a gold chain from the neck of one Robert Langer. Prior to defendant's sentencing, the People filed a predicate felony information, asserting that he had been convicted of robbery in the second degree in Bronx County on

February 18, 1977. Defendant then moved to controvert, claiming that while he was the person convicted on the date, time and place described in the predicate felony statement, his previous conviction had been unconstitutionally procured. The trial court conducted a hearing with regard to defendant's allegations, at the conclusion of which the motion was granted, and defendant was sentenced as a first felony offender.

According to the minutes of the 1977 guilty plea, defendant appeared with his attorney in the Bronx County Supreme Court on January 18, 1977. The defendant offered to plead guilty to robbery in the second degree in satisfaction of two separate indictments charging him with a variety of offenses, including armed robbery. In that regard, the District Attorney explained that "the defendant and his accomplice robbed Joseph Smith on October 15, 1975, and they used knives and they took money from him." Defendant, although represented by counsel, did not dispute this statement by the People that force had been utilized during the commission of the crime in question. He thereafter explicitly admitted that, together with an accomplice, he "stole some property from one Joseph Smith in Bronx County." Defendant also acknowledged that he was relinquishing his right to "have a trial and have twelve people decide whether [he was] guilty or not." The court accepted the guilty plea and subsequently sentenced defendant to a prison term of from 3 to 9 years. It should be pointed out that the plea and ensuing sentence were the result of an extremely favorable agreement negotiated between the People and the defense attorney.

In granting defendant's motion to controvert the predicate felony information, the trial court concluded that, at best, defendant had pleaded guilty to grand larceny in the third degree and not to robbery in the second degree. However, even if the court were correct and defendant's allocution could be considered the predicate for no more than a conviction of third degree larceny, the fact remains that since grand larceny in the third degree is also a felony, defendant's 1977 guilty plea was to a felony under any conceivable standard. Moreover, at the time that he pleaded, defendant stated that his plea was voluntary and that he understood the terms and consequences of his plea. He never moved to challenge that plea in any way prior to the instant proceeding. An examination of the minutes of the 1977 allocution clearly reveals that defendant was admitting to a forcible taking. Indeed, the court had just informed him that he was pleading guilty to robbery

in the second degree, and the prosecutor had just described the details of the crime, including the use of knives.

The mere fact that all of the words were not uttered by the defendant himself does not mean that there was no valid plea to second degree robbery. The crucial element is that there be an "inquiry into the underlying acts committed by the defendant that would establish the crime upon which the conviction is based" *(People v Gillard,* 111 AD2d 666, 667), and this occurred here. As for defendant's claim that he was not advised of his constitutional rights pursuant to *Boykin v Alabama* (395 US 238), the law is well settled that a predicate conviction upon a guilty plea is not generally invalid simply because the trial court failed to specifically enumerate all of the rights to which defendant was entitled. *(People v Harris,* 61 NY2d 9.)* Since the record of the 1977 proceeding indicates that defendant had a full understanding of what a guilty plea signifies, as well as the consequences of what he was doing, there is no basis for controverting the predicate felony statement on this ground either. Concur—Sullivan, J. P., Ross, Asch and Milonas, JJ.

Smith, J., dissents in a memorandum as follows: The decision below should be affirmed. The trial court determined that although defendant pleaded guilty to robbery in the second degree in 1977, his factual admissions were sufficient, at most, for a plea of guilty to grand larceny in the third degree. The record of the 1977 proceedings supports this conclusion. Defendant did respond "yes" to the question, "Do you admit that on October 15, 1975, together with another man, that you stole some property from one Joseph Smith in Bronx County, do you admit that?" He also answered yes to a question asking whether he knew he was giving up his right to a trial by jury. However, defendant did not admit that he took property by force (robbery) or from the person of another (grand larceny). In *People v Serrano* (15 NY2d 304), the Court of Appeals reversed a plea of guilty to murder in the second degree where the factual allocution did not establish the elements of that crime. In reversing the conviction, the *Serrano* court indicated that where a plea does not establish the elements of the crime to which the defendant is pleading guilty, the court should refuse the plea and should make further inquiry. The 1977 plea of the defendant did not meet the standards set forth in *Serrano.* Moreover, while he was asked if he knew he was giving up the right to a trial by jury, defendant was not questioned about the waiver of his privilege against self-incrimination or the waiver of his right of confrontation. *(See,*

*Boykin v Alabama,* 395 US 238.) While no catechism is required in accepting a plea of guilty *(see, People v Nixon,* 21 NY2d 338, 353), the inadequacy of the 1977 plea fully justified the trial court's sentencing of the defendant as a first felony offender. *[See,* 133 Misc 2d 606.]