■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDDIE HALL, Respondent.—Appeal by the People from a sentence of the Supreme Court, Queens County (Beerman, J.), imposed September 10, 1985, upon his plea of guilty of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, the sentence being concurrent indeterminate terms of from 2⅓ to 7 years' imprisonment.

Ordered that the sentence is reversed, on the law, the defendant is adjudged to be a second violent felony offender, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The court declined to sentence the defendant as a second violent felony offender on the ground that his earlier guilty plea to attempted criminal possession of a weapon in the third degree was constitutionally defective. The court concluded that the plea allocution on the prior conviction failed to set forth facts sufficient to establish all of the elements of attempted criminal possession of a weapon in the third degree, specifically whether the weapon was loaded and operable. Criminal Term was in error.

This earlier plea was a bargained plea to a lesser crime and may be sustained even without an inquiry as to its factual basis *(People v Clairborne,* 29 NY2d 950, 951). Furthermore, a challenge to a plea based on an insufficient factual allocution is not a challenge based on constitutional grounds within the purview of CPL 400.15 (7) (b) or 400.21 (7) (b) *(People v*

*Perkins,* 89 AD2d 956; *People v Savino,* 115 AD2d 571, *lv denied* 67 NY2d 889). Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.