**James SAILOR, Petitioner,**

v.

**Charles SCULLY, Superintendent, Greenhaven Correctional Facility and Robert Abrams, Attorney General of the State of New York, Respondents.**

No. 86 Civ. 7795 (IBC).

United States District Court,
S.D. New York.

Aug. 11, 1987.

David B. Weisfuse, Legal Aid Society of Westchester County, White Plains, N.Y., for petitioner.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondents; Richard E. Weill, Asst. Dist. Atty., of counsel.

OPINION

IRVING BEN COOPER, District Judge.

Respondents through Charles Scully and Robert Abrams move pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure and Rule 62(d) of the Federal Rules of Civil Procedure for an order staying the judgment of this Court (entered May 19, 1987) pending appeal to the United States

---

Court of Appeals for the Second Circuit.[1] Petitioner contests the imposition of a stay.

Respondents' motion is granted in all respects.

## STATEMENT OF FACTS

Petitioner James Sailor a.k.a. Leroy Cooper sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (1982) from a sentence imposed following his conviction of a 1978 armed bank robbery, enhanced by a prior felony conviction.[2]

In his habeas petition Sailor did not contest the validity of his conviction but insisted that the sentence imposed upon him as a second felony offender was unconstitutional. Sailor contended that his enhanced sentence violated the double jeopardy clause of the Fifth Amendment since the prosecution was afforded two opportunities at two separate enhanced sentence hearings to establish he had been the subject of a prior felony conviction in Florida under the alias Leroy Cooper.[3] Petitioner asserted that the double jeopardy protection afforded by the Constitution mandated that he be sentenced as a first felony offender rather than as a second felony offender. We agreed with petitioner and held that respondents should not have been afforded a second opportunity to establish the existence of a prior felony conviction. Accordingly, in our opinion filed May 19, 1987 we granted petitioner's habeas petition. (see f.n.1)

Respondents now move for an order staying the judgment of this Court pending appeal. It is the contention of respondents that petitioner's constitutional rights were not violated since the double jeopardy clause is inapplicable to New York's en-

hanced sentencing proceedings. Petitioner protests the imposition of a stay asserting it would affect his eligibility for parole.[4]

## DISCUSSION

Rule 8(a) of the Federal Rules of Appellate Procedure provides that an application for a stay pending appeal should be made in the first instance in the District Courts. Under Federal Rule of Civil Procedure 62 the following factors regulate the issuance of a stay:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure other parties interested in the proceeding;
>
> (4) where the public interest lies." *Hilton v. Braunskill*, —— U.S. ——, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)

These standards are well-established and uncontested by the parties. Demonstrating "a substantial case on the merits" under factor (1) may suffice in the alternative where factors (2) and (4) militate against release. *Hilton v. Braunskill, Id.*, 107 S.Ct. at 2120. *See also Hayes v. City University of New York*, 503 F.Supp. 946, 963 (S.D.N.Y.1980), *aff'd* 648 F.2d 110 (2d Cir.1981). Additionally, factors such as "the possibility of flight," "the risk that the prisoner will pose a danger to the public if released" and "the state's interest in continuing custody and rehabilitation pending a trial determination of the case on appeal" should be considered in order to

---

1. In our opinion we granted petitioner's habeas corpus petition and ordered him discharged from custody unless resentenced within 90 days of the filing date of the opinion.

2. For a detailed history of the proceedings in this matter, we respectfully refer to our opinion filed May 19, 1987.

3. At Sailor's first enhanced sentence hearing the prosecution failed to comply with the statutory mandate regarding notice to petitioner. Although Sailor had admitted a prior conviction

in Florida, the Appellate Division vacated Sailor's sentence as a persistent felony offender. *See People v. Sailor*, 85 A.D.2d 746, 449 N.Y.S.2d 646 (2d Dep't 1981).

4. Sailor has been in prison since May 15, 1978. If petitioner is resentenced as a first felony offender rather than second, he will immediately be eligible for parole since he will have served over one-third of the twenty-five year maximum sentence. New York Penal Law § 70.00(3)(b).

individualize judgments in each case. *Id.,* 107 S.Ct. at 2119.

The issue before us is whether these traditional stay factors can overcome the presumption in favor of release of the prisoner. *See Hilton v. Braunskill, Id* at 2119. Upon careful analysis of the many factors involved we conclude that issuance of a stay is warranted.

The first factor to be considered is whether the stay applicant has made a strong showing of likelihood of success on the merits. In the case before us, respondents need only establish a "substantial case on the merits," since we find that the second and fourth factors strongly militate against release. *Id* at 2119; *see also Hayes, supra* at 963 (respondent need show only a substantial *possibility* of success on appeal).

In assessing the possibility that respondents will succeed on appeal, the court must examine objective factors such as the existence of substantial controversy among the courts vis a vis the application of double jeopardy protections to enhanced sentencing proceedings. *Cf. Hayes supra* at 963. We acknowledge the existence of such a conflict stemming from contrary readings, by the Circuit Courts and the New York Court of Appeals, in two decisions of the United States Supreme Court.

The Supreme Court in two instances analogized sentencing proceedings with trials for double jeopardy purposes. *See Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1980) and *Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). The sentencing proceedings at issue in *Bullington* and *Rumsey* dealt with whether the death penalty should be imposed. The hearings were crime specific, amplifying proof of the elements of the offense litigated at their trials-in-chief. The Court concluded that since the proof offered at the sentencing proceedings was directly related to the manner in which the murder at bar had been committed, the sentencing proceedings were properly classified as "trials" for double jeopardy purposes. *See Bulling-*

*ton,* 451 U.S. at 445, 101 S.Ct. at 1861; *Rumsey,* 467 U.S. at 212, 104 S.Ct. at 2310.

The New York Court of Appeals read these decisions as warranting the conclusion that they were applicable to death penalty proceedings only because the sentencing proceedings involved amplification of the specific elements necessary to support a conviction. The Court reasoned that since the New York enhanced sentence hearings at issue do *not* adjudicate facts relating to the defendant's underlying offense, these hearings cannot be considered an extension of the trial on the merits and hence are immune from double jeopardy protection. *See People v. Sailor,* 65 N.Y.2d 224, 233, 491 N.Y.S.2d 112, 119, 480 N.E.2d 701, 708 (1985).

Other courts have held that *Bullington* should not be extended to enhanced sentence proceedings. *See, e.g., Linam v. Griffin,* 685 F.2d 369 (10th Cir.1982); *State v. Lee,* 660 S.W.2d 394 (Mo.Ct.App.1983); *Dixon v. State,* 437 N.E.2d 1318 (Ind.1982).

However, this reading is far from definitive among the circuits. The 5th circuit has applied double jeopardy considerations to cases not concerned with life imprisonment or death penalty sentencing. *See French v. Estelle,* 692 F.2d 1021 (5th Cir. 1982); *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982), *cert. granted* 457 U.S. 1116, 102 S.Ct. 2927, 73 L.Ed.2d 1328, *vacated on other grounds* 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987, *on remand* 708 F.2d 1020 (5th Cir.1983). These cases held that the habeas petitioner should be granted relief on the ground that second enhancement proceedings violated the double jeopardy clause of the United States Constitution. Similarly, we decided not to read *Bullington* and *Rumsey* so restricted as to place enhancement proceedings outside the realm of double jeopardy protections.

While, with great respect, our reading of *Bullington* and *Rumsey* differs from the position of the New York Court of Appeals in that case, we are bound to point out that the United States Supreme Court declined to review the analysis by the New York Court of Appeals. *See Sailor v. New York,* 474 U.S. 982, 106 S.Ct. 387, 88

L.Ed.2d 340 (1985) We note too that the Supreme Court did agree to review the contrary decision on a similar issue. *See Bullard v. Estelle, supra.*

Since we find that factors (2) and (4) strongly indicate that a stay is in order, and aware that we are dealing with a point of law fraught with uncertainty, we find that respondents have established the first factor, a substantial case on the merits, to our satisfaction. *Hilton v. Braunskill, supra,* —— U.S. at ——, 107 S.Ct. at 2119, 97 L.Ed.2d at 733.

The second factor for our consideration is whether respondents would suffer irreparable injury absent a stay. After careful consideration we conclude in the affirmative. In the event respondents were to make an application to resentence Sailor as a first felony offender pending appeal, it is questionable whether his original sentence as a second felony offender could be reimposed if respondents prevail on appeal. Although respondents could substantively utilize the two existing statutory mechanisms, *see* N.Y.Criminal Procedure § 440.40 and § 450.30(2), which would allow them to contest the sentence of first felony offender,[5] it is likely that the strict time requirements of N.Y.Criminal Procedure § 440.40(1) and § 460.10(1)(a) will have expired, precluding any redress by respondents. We find this outcome devoid of merit.

Similarly, if respondents were to allow the 90 day period to expire pending appeal and subsequently succeed on appeal there is a possibility that petitioner will be released on parole and his recapture undertaken. Although we consider the possibility of parole slight, in the event he were paroled we regard the possibility of flight substantial. We take into consideration that Sailor was previously convicted of a felony in another jurisdiction and under an assumed name.

The third factor for our consideration is whether the issuance of a stay will substantially injure the petitioner. We conclude this will not ensue. Our decision will affect only the prisoner's *eligibility* for parole as a first felony offender. His parole at this juncture (prior to the resolution of the instant appeal) is highly unlikely. In coming to this conclusion we bear in mind that petitioner was convicted of armed bank robbery during the course of which he fired shots at police officers. Given the violent nature of his crime and hence the unlikelihood that he will be paroled pending resolution of the appeal, we conclude that issuance of our stay will not substantially injure him.

The final factor for our consideration is "where the public interest lies". *Hilton v. Braunskill, supra,* 107 S.Ct. at 2119. We have no difficulty in finding a strong public interest that the sentence of a dangerous felon in accordance with state law not be altered in any way until a federal appellate court passes upon his constitutional challenge.

In coming to this conclusion we are entitled to consider the danger posed by the prisoner to the public. *See Hilton v. Braunskill, Id* at 2120. We therefore stress that in addition to having been the subject of a 1969 Florida conviction for attempted robbery under the name Leroy Cooper, Sailor in 1979 was convicted in New York of two counts of armed robbery in the first degree, one count of assault on a police officer in the first degree, two counts of attempted assault on police officers in the first degree and two counts of criminal possession of a weapon. Clearly we have here a dangerous felon; there is a substantial risk that he will pose a danger to the public if released. Therefore the state has a compelling interest in continuing custody and rehabilitation of the prisoner pending a determination of this matter on appeal.

As the Supreme Court noted in *Hilton* a successful habeas petitioner is in a considerably less favorable position than a pre-trial arrestee to challenge his continued detention pending appeal. "Unlike a pre-trial arrestee, a state habeas petitioner has been

---

**5.** Respondents could do so by showing defendant's sentence is illegal in that he was a second felony offender not sentenced as such. *See Peo-* *ple v. Lewis,* 94 A.D.2d 670, 462 N.Y.S.2d 665; *aff'd* 61 N.Y.2d 9, 471 N.Y.S.2d 61, 459 N.E.2d 170 (1983).

**54**

adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication has been upheld by the appellate courts of the state." *Hilton v. Braunskill, Id* at 2120. Accordingly, a careful weighing and analysis of the various imperative factors involved leads us to the conclusion that such factors warranting a stay tip overwhelmingly in favor of respondents.

For the foregoing reasons, we grant respondents' motion for a stay pending appeal to our Circuit Court.

SO ORDERED: