■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON MEADOWS, Appellant.—Appeal by the defendant, as limited by his brief, from a resentence of the Supreme Court, Queens County (Zelman, J.), imposed October 17, 1984, after a hearing upon remittitur from this court by order dated July 30, 1984 *(see, People v Meadows,* 103 AD2d 850), the resentence being two concurrent indeterminate terms of imprisonment 12½ to 25 years as a second felony offender, upon his conviction of robbery in the first degree and criminal use of a firearm in the first degree.

Ordered that the resentence is affirmed.

The defendant was sentenced as a second felony offender based on a 1978 felony conviction. Upon appeal to this court the original sentence was vacated and the matter was remitted for a hearing pursuant to CPL 400.21 (5) on the question of whether his plea of guilty in the 1978 case was obtained in violation of his constitutional rights *(see, People v Meadows, supra)*. The defendant claimed that he thought he was pleading to a misdemeanor rather than a felony. Following the hearing, the court found that the defendant had properly been adjudicated a second felony offender and resentenced him to the term originally imposed.

On this appeal the defendant maintains that he was denied a meaningful opportunity to challenge his predicate felony adjudication. We disagree. The hearing court properly refused to permit the defendant to be questioned regarding the facts of the crime leading to the 1978 felony conviction. The defendant had not preserved that issue as a matter of law. A claim of inadequacy of a factual recitation " 'is to be distinguished from a challenge based on constitutional grounds' and may not properly be raised for the first time in a second felony offender adjudication" hearing *(People v Grimes,* 94 AD2d 957, quoting from *People v Perkins,* 89 AD2d 956; *see also, People v Savino,* 115 AD2d 571, *lv denied* 67 NY2d 889; *People v Nance,* 110 AD2d 857). Nor should we reach that issue in the interest of justice because a "bargained-for guilty plea to [a] lesser charge makes unnecessary a factual basis for the particular crime charged" *(People v Llorente,* 115 AD2d 493, 494; *see, People v Clairborne,* 29 NY2d 950).

Furthermore, the hearing court permitted the defendant to testify as to his understanding of the 1978 plea and refused to credit that testimony because the minutes of the prior plea proceedings firmly established that the plea was not taken in violation of his constitutional rights *(see,* CPL 400.21). Those minutes reveal that the defendant acknowledged that he was pleading guilty to a class E felony. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.