OPINION OF THE COURT
Jasen, J.
The critical issue common to these six appeals is whether a prior felony conviction, based upon a guilty plea which was entered without the defendant having been advised by the court of the specific constitutional rights being waived by that plea, may constitute a predicate felony for the purpose of sentencing the defendant as a second felony offender. In each case, the People have sought an increased sentence of imprisonment under section 70.06 of the Penal Law, which authorizes harsher penalties for second felony offenders. Each defendant has challenged the use of his respective prior felony conviction alleging a defective guilty plea.
At the outset, it should be stated that the procedure to be followed for determining whether a defendant is a second felony offender is set forth in CPL 400.21. This section places upon the People the burden of proving beyond a reasonable doubt the existence of the previous felony conviction (CPL 400.21, subd 7, par [a]), but not its constitutionality. Once the fact of the prior conviction has been established, it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained (CPL 400.21, subd 7, par [b]).
Upon reviewing the records on these appeals, we conclude, for the reasons stated, that the defendants, with the *16 exception of Vargas, did not sustain their burdens, and the presumptions of the validity and regularity of the previous felony convictions (People v Smyth, 3 NY2d 184; People v Bell, 36 AD2d 406, affd 29 NY2d 882; McCormick, Evidence [2d ed], § 343, p 807) were not overcome by substantial evidence to the contrary (People v Richetti, 302 NY 290).
A conviction obtained in violation of one’s constitutional rights may not be used to enhance punishment for another offense. (Burgett v Texas, 389 US 109, 115.) Consistent with that principle, CPL 400.21 (subd 7, par [b]) provides that “[a] previous conviction * * * which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction.” Likewise, this court has on numerous occasions repeated that “an alleged second or third felony offender could question the validity of the predicate conviction at the time he was resentenced.” (People v Wilkins, 28 NY2d 213, 218; see, also, People v Jones, 17 NY2d 404; People v Machado, 17 NY2d 440.)
But this court has never held, and we refuse to so hold now, that a predicate conviction upon a guilty plea is invalid solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea. There is no requirement for a “uniform mandatory catechism of pleading defendants.” (People v Nixon, 21 NY2d 338, 353.) Though a rigorous and detailed colloquy may be appropriate in certain instances, under most ordinary circumstances such questioning by the Trial Judge would be an unnecessary formalism. The seriousness of the crime, the competency, experience and actual participation by counsel, the rationality of the “plea bargain”, and the pace of the proceedings in the particular criminal court are among the many factors which the Trial Judge must consider in exercising discretion. (People v Nixon, supra, at p 353.) But as we have emphasized on a previous occasion, “there is no requirement that the Judge conduct a pro forma inquisition in *17 each case on the off-chance that a defendant who is adequately represented by counsel * * * may nevertheless not know what he is doing.” (People v Francis, 38 NY2d 150, 154.) Overall, a sound discretion, exercised in cases on an individual basis is preferable to a ritualistic uniform procedure. (People v Nixon, supra, at p 355.)
On the other hand, a record that is silent will not overcome the presumption against waiver by a defendant of constitutionally guaranteed protections. (People v Rodriguez, 50 NY2d 553, 557.) To be sure, the record must show “an intentional relinquishment or abandonment of a known right or privilege.” (Johnson v Zerbst, 304 US 458, 464; Barker v Wingo, 407 US 514, 526.) As the United States Supreme Court held in Carnley v Cochran (369 US 506, 516): “Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused * * * intelligently and understanding^ rejected [his constitutional rights]. Anything less is not waiver.”
The key issue in these cases, then, is whether the defendants knowingly, voluntarily and intelligently relinquished their rights upon their guilty pleas. Addressing a related question, Chief Judge Breitel, speaking for this court in Chaipis v State Liq. Auth. (44 NY2d 57, 63-64), observed: “It is a truism that a guilty plea, which waives even many constitutional rights, must be taken only when the defendant has knowledge and understanding of the consequences of the plea. [Citation omitted.] If the plea be coerced, or if defendant’s knowledge of its consequences be not explored sufficiently, the plea may be subject to vacation on proper and timely motion.”
Each of the defendants here contends that his guilty plea which resulted in a prior felony conviction was unconstitutionally obtained. They each mistakenly rely on the United States Supreme Court’s decision in Boykin v Alabama (395 US 238) for the proposition that a Trial Judge must first expressly apprise a defendant of the right to a jury trial, the privilege against compulsory self incrimination and the right to confront accusers, that the Judge must inquire on the record whether the defendant wishes to waive each of them, and that the defendant must do so explicitly before *18 a guilty plea may be accepted. While this practice might facilitate subsequent determinations on the record of the voluntariness of a guilty plea, “[i]n all such inquiries, ‘[mjatters of reality, and not mere ritual, should be controlling.’ ” (McCarthy v United States, 394 US 459, 467-468, n 20; Kennedy v United States, 397 F2d 16, 17.)
In Boykin, the Supreme Court reversed a conviction upon a guilty plea where the record disclosed that the Trial Judge had asked no questions concerning the guilty plea and the defendant himself never addressed the court. Indeed, the record was virtually silent on the circumstances surrounding the entry of the plea and, consequently, it failed utterly to reveal any evidence that the defendant voluntarily and understandingly entered his plea. (Boykin v Alabama, supra, at p 244.) That court held that it was error “plain on the face of the record” for the Trial Judge to accept the guilty plea “without an affirmative showing that it was intelligent and voluntary.” (Boykin v Alabama, supra, at p 242.)
Defendants’ reliance on Boykin centers primarily on the following portion of that opinion: “Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan 378 U. S. 1. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U. S. 145. Third, is the right to confront one’s accusers. Pointer v. Texas, 380 U. S. 400. We cannot presume a waiver of these three important federal rights from a silent record.” (Id., at p 243.)
We disagree that the court thereby intended to require a specific recitation of rights and multiple explicit waivers as the defendants here contend. Indeed, in another portion of the opinion in Boykin itself, the court cited with approval a colloquy procedure in which the trial court examines the defendant to determine whether he understands the nature of the charges, his right to trial by jury, the elements of the offense(s) and the range of permissible sentences — but which does not include a specific enumeration of each of the rights being waived. (Boykin v Alabama, supra, at p *19 244, n 7.) Nowhere in its opinion did the court mandate an inquiry concerning the three afore-mentioned and so-called Boykin rights. Moreover, subsequent to Boykin, that court has clearly noted that “the new element added [therein] was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily” (Brady v United States, 397 US 742, 747, n 4), and that “the voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it.” (Id., at p 749 [emphasis added].) In North Carolina v Alford (400 US 25, 31), the court, referring to Boykin, emphasized that the “standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Boykin v Alabama”. (Emphasis added.)
A survey of the decisions of the Federal Courts of Appeals and the State courts which have considered this question reveals a virtual unanimity of opinion that a detailed articulation and waiver of the three rights mentioned in Boykin is not constitutionally mandated. (See, e.g., Kloner v United States, 535 F2d 730, 733, cert den 429 US 942; United States v Pricepaul, 540 F2d 417, 422; Stinson v Turner, 473 F2d 913, 915; State v Shockley, 188 Conn 697, 709; Commonwealth v Morrow, 363 Mass 601, 603-604; Edwards v State, 51 Wis 2d 231, 234-236; contra Matter of Tahl, 1 Cal 3d 122,131-133.) The clear import of Boykin and its progeny is that the Trial Judge has a vital responsibility “to make sure [that the accused] has full understanding of what the plea connotes and of its consequence” (Boykin v Alabama, supra, at p 244), not that a new procedural requirement has been imposed, mandating the Trial Judge’s ritualistic recitation of the rights waived upon a guilty plea.
Turning to the appeals before us, in People v Harris, the trial court sentencing defendant as a second felony offender rejected defendant’s claim that the predicate felony conviction had been unconstitutionally obtained. The record of the prior proceeding revealed that Harris had offered to plead guilty on the condition that he be immediately paroled and placed under the supervision of a drug rehabil *20 itation program. It further showed that Harris was represented by counsel, that he was advised by the Trial Judge that by pleading guilty he was waiving his rights to a jury trial and to confront witnesses against him, that he stated that he had discussed his plea with his attorney, that he was pleading freely, and that he admitted his guilt and acknowledged the facts underlying his commission of the crime. Upon examining the record, the trial court found that the allocution had been sufficient and that the predicate felony conviction had been constitutionally obtained, and Harris was sentenced as a second felony offender. The Appellate Division likewise rejected Harris’ challenge of the earlier guilty plea and we agree that the record affirmatively demonstrates that the plea was entered intelligently and freely.
Harris’ additional claim that his sentence should be vacated and the matter remanded because the People failed to file the requisite felony statement pursuant to CPL 400.21 (subd 2) is unpersuasive. Given that the sentencing court had before it the minutes of the prior guilty plea, and inasmuch as Harris explicitly admitted his previous felony conviction and acknowledged that he was subject to sentencing as a second felony offender, the statutory purposes of apprising the court of the predicate felony conviction and providing the defendant with reasonable notice and an opportunity to be heard were satisfied. (Cf. Oyler v Boles, 368 US 448, 452.) The failure to file the predicate felony statement here being harmless, remanding this case for resentencing would only be “futile and pointless”. (People v Esteves, 41 NY2d 826, 827; People v Bryant, 47 AD2d 51, 62-63.)
In both People v Lewis and People v Ramsey, the respective trial courts each held that the prior guilty plea conviction at issue was defective because the defendant was not explicitly advised that a guilty plea constituted a waiver of the privilege against compulsory self incrimination and, in Ramsey, of the right to confront one’s accusers. In each case, the defendant was sentenced as a first felony offender. The Appellate Division reversed the judgments, vacated the sentences in both cases, and remanded for resentencing as second felony offenders. The record of the *21 prior guilty plea in each case discloses that the defendant was represented by counsel, that he discussed his plea with the court, that he understood that he was waiving a jury trial and the meaning of the guilty plea, and that he wished to plead guilty and acknowledged the facts of his offense. These minutes amply demonstrate that each defendant entered his plea voluntarily and knowingly and that each prior conviction was constitutionally obtained.
In People v Alicea, the trial court reviewed the minutes of the prior guilty plea, found the allocution satisfactory and sentenced defendant as a predicate felon. The Appellate Division reversed the second felony offender adjudication and sentence, holding, as a matter of law, that the prior conviction could not be deemed a predicate felony because the defendant had not been informed by the Trial Judge that he was waiving his privilege against compulsory self incrimination and his right to confront witnesses by pleading guilty. The record does, however, disclose that defendant was represented by counsel, that he had discussed his plea with the Trial Judge, that he stated that he understood the consequences of his guilty plea and was entering his plea voluntarily, that he acknowledged the facts underlying his offenses and that he rejected the trial court’s offer permitting him to withdraw his plea and proceed to trial. Under these facts, it cannot be said that defendant’s guilty plea, as a matter of law, was unintelligent or involuntary and, therefore, constitutionally deficient.
In People v Burgo, the trial court, after reviewing the minutes of the predicate guilty plea conviction, sentenced defendant as a second felony offender and the Appellate Division affirmed. The record reveals that defendant was represented by counsel, that he expressly waived his rights to a jury trial and to confront his accusers, that he affirmed that his plea was not induced by threats or promises, and that he admitted committing the acts underlying the charge. The mere fact that an express waiver of the privilege against compulsory self incrimination had not been elicited does not invalidate the otherwise sufficient plea colloquy.
Burgo additionally challenges the adequacy of the “reasonable doubt” jury instruction in the second felony pro *22 ceeding. While it is questionable whether defendant adequately apprised the trial court of his objections so as to preserve his argument for review by this court (see People v Thomas, 50 NY2d 467, 471), we, nevertheless, find no merit in his claim of error requiring reversal. “The concept of reasonable doubt itself defies precise definition. Of necessity, it must be described in general terms” (People v Malloy, 55 NY2d 296, 303; People v Jones, 27 NY2d 222). It cannot be said that the charge given here was impermissibly confusing or inaccurate.
In People v Vargas, the trial court examined the minutes of the prior guilty plea conviction and, finding it deficient, sentenced defendant as a first felony offender, and the Appellate Division affirmed. The record shows not only that the prior guilty plea had been obtained without the defendant having been advised of the rights he was waiving, but also that there was no actual discussion between the Trial Judge and the defendant on the plea allocution, and that the defendant was apparently represented by a stand-in counsel not wholly familiar with the case. Because the record raises sufficient doubts as to whether defendant understood the consequences of his guilty plea, the affirmed finding of the trial court that defendant is not a predicate felon for the purpose of sentencing as a second felony offender was warranted.
Accordingly, the orders of the Appellate Division in People v Harris, People v Lewis, People v Ramsey, People v Burgo and People v Vargas should be affirmed. The order in People v Alicea should be reversed and the case remitted to the Appellate Division for a determination of the facts. (CPL 470.25, subd 2, par [d]; 470.40, subd 2, par [b].)
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
In People v Harris, Lewis, Ramsey, Vargas and Burgo: Order affirmed.
In People v Alicea: Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.