■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KORDRESSE ALLEN, Respondent. — Judgment rendered March 21, 1983 in Supreme Court, New York County (Shirley Levittan, J.), unanimously reversed, on the law, to the extent of vacating the sentence, and the matter is remanded for resentencing defendant as a second felony offender.

Defendant pleaded guilty to attempted robbery in the second degree on August 11, 1982 and the People filed a predicate felony statement asserting a 1971 conviction for attempted robbery in the third degree. Defendant controverted this statement and the court below, in a written decision, refused to credit the 1971 judgment, finding the plea allocution to be constitutionally defective within the strictures set forth in *Boykin v Alabama* (395 US 238). Thereafter defendant was sentenced as if he had no prior felony conviction, from which sentence the People now appeal (see CPL 450.20, subd 4).

After reviewing the 1971 plea minutes, we cannot agree that defendant was insufficiently apprised of what he was giving up by changing his plea to guilty. Rather, defendant's conversation with the court and his attorney's remarks indicate his full awareness of the options available to him. Although only 17 years old, defendant already had had considerable exposure to the criminal justice system and he had previously been adjudicated a youthful offender; on another occasion he pleaded guilty to a class A misdemeanor.

At the beginning of the 1971 allocution defense counsel stated that he had conferred with defendant, who "did indicate to me as he indicated to lawyers earlier he is aware of youthful offender treatment. He knows what it means. And after having had it explained to him, he has indicated to me that he is not interested in it; is that correct?

"THE DEFENDANT: Yes."

The court then questioned defendant on his participation in the crime charged, with defendant fully admitting his active involvement. When asked if his plea of guilty was freely given, without coercion or force, defendant assured the court that it was. Finally, the court rehearsed the terms of the plea bargain, to which defendant responded affirmatively.

Accordingly, it is clear that defendant had "a full understanding of what the plea connotes and of its consequence" (*Boykin v Alabama, supra,* at p 244) and his "plea represents a voluntary and intelligent choice among the alternative courses open to the defendant." (*North Carolina v Alford,* 400 US 25, 31; cf. *People v Harris,* 61 NY2d 9, 19 [employing these quotes in instructing

New York courts to determine if plea was " 'understandingly and voluntarily' " made by " 'considering *all of the relevant circumstances surrounding it* "]; *Brady v United States,* 397 US 742, 747, n 4, 749.) Concur — Murphy, P. J., Ross, Carro, Milonas and Alexander, JJ.