◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORONET MOORER, Also Known as JEFFREY FOWLER, Appellant. —Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered March 16, 1983, convicting him of criminal possession of a forged instrument in the second degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of defendant's omnibus motion as sought suppression of certain evidence.

Judgment affirmed.

On February 13, 1981, defendant attempted to cash a forged

check at the Knickerbocker Federal Savings and Loan. The bank's employees were suspicious of defendant since they knew he was not the depositor of the account specified on the back of the check. Consequently, they tried to stall him while they contacted the police. Defendant grew impatient and left the bank without the check. On his way out of the bank, defendant was stopped by a police officer who had received a police radio dispatch which gave a description of a suspect attempting to pass a fraudulent check at the bank. The defendant matched the description and the officer accompanied defendant back inside the bank where he was identified and arrested.

The police radio dispatch and the observation by the police officer that defendant matched the description of the perpetrator of the crime constituted probable cause for the arrest of defendant. Hence, defendant's subsequent identification by bank employees and his statement to the police were properly admitted into evidence.

At trial, defendant's guilt was proven beyond a reasonable doubt. Defendant's knowledge of the forgery was established circumstantially by his conduct and the events inside the bank *(see, People v Johnson,* 65 NY2d 556, 561). The circumstantial evidence also overwhelmingly established defendant's intent to deprive and defraud and excluded to a "moral certainty" any hypothesis of innocence *(see, People v Benzinger,* 36 NY2d 29).

Defendant's final contention that he should not have been sentenced as a second felony offender because his plea of guilty on a prior charge was improperly taken is also without merit *(see, People v Harris,* 61 NY2d 9). Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.