564

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINA KLUTSE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered August 30, 1983, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant's contention regarding the sufficiency of her plea allocution is unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636). In any event, the record on appeal establishes that defendant voluntarily entered the guilty plea and any claim of duress is not supported by the record. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LEAKE, Appellant.—Two judgments of the County Court, Westchester County (Nastasi, J.), both rendered September 3, 1981, affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9).

Furthermore, defendant's contention that it was error to accept his guilty plea because he was mentally ill is not supported by the record *(see, People v Salmon,* 67 AD2d 758). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEDIARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered March 3, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict and imposing sentence.

Judgment affirmed.

As defendant was being arrested a police officer asked "where is the gun?". Defendant replied that he had no gun; "it was a pipe". Under the circumstances of this case, this statement was properly admitted as a response to a question the police properly asked in order to clarify a situation and protect themselves *(see, People v Johnson,* 86 AD2d 165, 168, *affd* 59 NY2d 1014).

We find that the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt. We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.