■ The People of the State of New York, Respondent, v Edward Brown, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Egitto, J.), both rendered September 14, 1982, convicting him, of criminal sale of a controlled substance in the third degree under indictment No. 955/81, and criminal possession of a controlled substance in the fourth degree under indictment No. 1132/81, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

We reject the defendant's contention that the statements he made during the plea allocutions suggest that he lacked the requisite intent to commit the crimes charged. Although the defendant did not initially recall the details of his sale of heroin to an undercover officer outside his apartment at 789 McDonough Street on January 21, 1981, the record belies any claim that his lapse of memory was attributable to a state of intoxication at the time of either the offense or the plea. The defendant admitted that he was a drug pusher and that he sold both heroin and cocaine out of his apartment at 789 McDonough Street. A search of the premises, pursuant to a warrant, resulted in the seizure of various controlled sub-stances and drug paraphernalia. Therefore, it can be inferred from this record that the defendant did not initially recall the sale at issue because it was indistinguishable from other similar transactions. After the defendant was shown an under-cover sale information sheet, he acknowledged that his recol-lection had been refreshed and then admitted sufficient facts

to establish the essential elements of the crimes charged. Contrary to the defendant's contention, the court conducted a sufficient inquiry to insure that he was aware of the consequences of his guilty pleas and that he was guilty of the crimes charged (see, People v Harris, 61 NY2d 9).

Furthermore, the defendant pleaded guilty with the understanding that he would receive the sentences which were thereafter actually imposed. Under the circumstances of this case, the defendant has no basis to now complain that his sentences were excessive (see, People v Kazepis, 101 AD2d 816). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.