Lloyd PENDLETON, Petitioner,

v.

Charles SCULLY, Superintendent and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 86 Civ. 5973 (RWS).

United States District Court, S.D. New York.

June 30, 1987.

Lloyd Pendleton, pro se.

Mario Merola, Dist. Atty., Bronx County, Bronx, N.Y., for respondents; Louis L. Benza, Asst. Dist. Atty., of counsel.

## OPINION

SWEET, District Judge.

Petitioner *pro se* Lloyd Pendleton ("Pendleton") filed this petition for a writ of habeas corpus on July 1, 1986. The petition was originally dismissed for failure to plead exhaustion of state remedies, but that dismissal was set aside by order of December 12, 1986 upon Pendleton's submission, through the Pro Se Office, of a more detailed petition alleging that he had exhausted state remedies. Respondent's opposition was filed on April 14, 1987. On the basis of the affidavits, exhibits, and memoranda of law now before the court, the writ of habeas corpus is denied.

Facts

In late 1978 and early 1979, the Grand Jury of Bronx County filed three indictments against Pendleton. In Indictment Number 1473 filed on August 21, 1978, he was charged with assault in the First Degree and Criminal Possession of a Weapon in the Fourth Degree. In Indictment Number 2684 filed on December 28, 1978, Pendleton was charged with Robbery in the First Degree, Grand Larceny in the Third Degree, Criminal Possession of a Weapon in the Fourth Degree, and Tampering with a Witness. Finally, in Indictment Number 120 filed on February 9, 1979, Pendleton was accused of Murder in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree.

On July 12, 1979, Pendleton, represented by counsel, pleaded guilty to Manslaughter in the First Degree in satisfaction of Indictment Number 120 and to Assault in the First Degree in satisfaction of Indictment Number 1473 upon the understanding that the third pending indictment would be dismissed and that he would be sentenced to 12½ to 25 years for the manslaughter conviction, a sentence that would run concurrently with whatever sentence might be imposed for the assault conviction. In pleading guilty to manslaughter, Pendleton admitted that on January 4, 1979, he caused the death of Cecilia Brown by hitting her over the head with an iron pipe. The court warned Pendleton that by pleading guilty he would be waiving the right to a jury trial, the right to face his accusers and the privilege against self-incrimination. The court clerk then stated:

THE CLERK: Do you further understand that if you have ever been convicted of a felony in the past ten years, the Court on the day of sentence would find you to be a predicate felon and sentence you to a term of [im]prisonment and fix a minimum term for that sentence. Do you understand that?

THE DEFENDANT: Yes.

The Court then accepted the plea.

Pendleton next pleaded guilty to assault, admitting that he struck George McReynolds over the head with a hatchet on April 28, 1978, inflicting serious physical injury. Before accepting this plea, the court again warned petitioner that by pleading guilty he would be waiving the right to a jury trial, the privilege against self-incrimination and the right to confront his accusers. Similarly, the court clerk again warned:

Do you further understand that if you are convicted of a felony in the past ten years, the Court on the day of sentence would have to find you a predicate felon, would have to sentence you to a term of imprisonment and fix a minimum term for that sentence. Do you understand that?

THE DEFENDANT: Yes.

At sentencing on August 27, 1979 the court clerk reminded petitioner that:

The District Attorney on behalf of the People of the State of New York has

issued a predicate—says you're a predicate felon. Do you admit or deny that you are a predicate felon?

(Defendant and counsel confer).

MR. QUINN: May the record indicate that I have handed to counsel—

THE COURT CLERK: On the 25th of October, 1972, in and for the County of Suffolk, the State of New York, before the Honorable Frank Gates, the said defendant, Lloyd Pendleton, was in due form [of] law convicted of an offense for which a sentence to a term of imprisonment in excess of one year, or a sentence of death, was authorized, to wit, assault in the second degree.

And thereupon, on the 4th day of December, 1972, the said defendant was duly sentenced to five years probation as shown more duly and at large on the record of said Court.

Do you admit or deny?

MR. TENNENBAUM: We admit that. The prosecution then asked the court to impose the agreed upon term of imprisonment of from 12½ to 25 years on the manslaughter charge. Petitioner declined to address the court on the matter of sentencing. The court then sentenced petitioner to 12½ to 25 years for manslaughter. Next, the court proceeded to sentence petitioner for the crime of assault in the first degree. Again, the court clerk asked petitioner if he admitted or denied being a "predicate felon." Defense counsel replied "[t]hat's admitted." The court then sentenced petitioner to an indeterminate term of imprisonment of from six to twelve years, to be served concurrently with the manslaughter conviction. The third indictment, Number 2684 of 1978, was dismissed, upon the People's motion, in view of the two sentences already imposed upon petitioner.

On direct appeal to the Supreme Court of the State of New York, Appellate Division, First Department, Pendleton raised the claim that the imposed sentence was excessive. The judgment was confirmed without opinion. Pendleton's application for leave to appeal to the New York Court of Appeals was denied.

In addition to other collateral attacks on his conviction, Pendleton brought on April 17, 1985 a notice of motion to vacate the judgment in Indictments 1473 and 120 on the grounds that 1) the sentencing court did not inform him of his right to attack the constitutionality of a prior conviction, and 2) his right to effective assistance of counsel at both sentencing, and again on appeal, was denied. By order dated July 16, 1985, the Supreme Court of the State of New York, Bronx County, denied Pendleton the relief sought. Pendleton's application for leave to appeal to the Appellate Division, First Department was denied by order of September 17, 1985.

Pendleton now challenges his confinement at Green Haven Correctional Facility on the grounds that 1) he was denied due process by the failure of the sentencing court to warn him of his right to contest the constitutionality of any prior felony conviction and to warn him that the failure to do so would waive his right to contest and 2) he was denied his Sixth Amendment and New York constitutional right to effective assistance of counsel both at the sentence and on appeal.

Court's Failure to Warn of the Right to Challenge the Constitutionality of a Prior Conviction

Under New York law, when it appears that a defendant convicted of a felony may have previously been convicted of another felony, the prosecutor must file a statement with the court prior to sentencing, giving the date and place of the alleged prior conviction. A copy must also be given to the defendant. N.Y.Crim.Proc.Law § 400.21(2) (McKinney 1983). The court must ask the defendant if he wishes to controvert any allegation in the statement. If so, the defendant must specify the particular allegation(s) he wishes to controvert; any uncontroverted allegations are deemed admitted. *Id.* at § 400.21(3).

If the uncontroverted allegations are sufficient to support a finding of a predicate felony conviction, the defendant may be sentenced as a second felony offender. *Id.* at § 400.21(4). If the defendant controverts an allegation and the uncontroverted

allegations are not sufficient to support a finding of a predicate felony conviction, a hearing is mandatory. *Id.* at § 400.21(5).

At such a hearing the defendant may challenge the constitutionality of the prior conviction. Since New York follows the general rule that, unless proven otherwise, convictions are *prima facie* constitutional, *see Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.1984), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984), the defendant must present evidence that his prior conviction was unconstitutionally obtained. Thus, there is no state law requirement that the sentencing judge ask the defendant if he has any constitutional challenge to his prior felony conviction. Similarly, as will be shown below, due process does not require the court to warn the defendant of his right to challenge the constitutionality of the prior conviction.

The Sixth Amendment requires that a defendant who pleads guilty "enter[ ] his plea understandingly and voluntarily." *Brady v. United States,* 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The Second Circuit has explicitly held that a detailed articulation and waiver of all rights is not constitutionally mandated. *See Kloner v. United States,* 535 F.2d 730, 733–34 (2d Cir.1976), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976). As the New York Court of Appeals noted in *People v. Harris,* 61 N.Y.2d 9, 18, 471 N.Y.S.2d 61, 459 N.E.2d 170 (1983):

> The clear import of *Boykin* and its progeny is that the Trial Judge has a vital responsibility "to make sure [that the accused] has full understanding of what the plea connotes and of its consequence" [citing *Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712], not that a new procedural requirement has been imposed, mandating the Trial Judge's ritualistic recitation of the rights waived upon a guilty plea.

The trial court's failure to tell the defendant of his statutory right to challenge the constitutionality of his prior conviction did not render his plea involuntary. Before the plea, the court asked the defendant a number of questions to make certain that his plea was being made voluntarily, knowingly and intelligently. It was also explained to Pendleton that if he had been convicted of a felony in the preceding ten years, the court, on the day of sentencing, would adjudicate him a "predicate felon." At sentencing, he was asked to "admit or deny" that he was a "predicate felon." The record indicates that, prior to admitting the prior felony conviction, "[d]efendant and counsel confer[red]." Not only did the trial court have no indication that the defendant had a constitutional challenge to the prior conviction, but it also had no notice at all of any type of challenge since defense counsel, with no objection from the defendant, admitted the prior felony conviction. Even now Pendleton does not allege that the prior felony conviction was unconstitutionally obtained.

Furthermore, the record indicates that Pendleton offered to plead guilty on condition that he receive a sentence of from 12½ to 25 years on the manslaughter conviction, which is the mandatory term of imprisonment in the case of second (Class "B") violent felony offender. Thus, the plea minutes indicate that sentencing as a second felony offender was anticipated as part of the plea bargain. Pendleton, who was represented by counsel, was presented with the issue of his prior felony throughout the plea and sentence, and admitted the conviction.

Since there is no authority for the proposition that there is a due process right to be warned of the statutory right to challenge a prior conviction, Pendleton's due process rights have not been violated. From the plea minutes, the court concludes that Pendleton's plea was voluntary, intelligent, and knowing. Thus, the petition for a writ of habeas corpus on this ground is denied.

**Ineffective Assistance of Counsel at Trial**

Pendleton asserts that he was deprived of his Sixth Amendment right [1] to effective

---

**1.** To the extent that Pendleton relies on the right

to effective assistance of counsel afforded by

assistance of counsel at sentence by his trial counsel's "ill-advise to admit the second felony allegation." He further alleges that "[a]ppellate counsel whitewashed trial counsel's incompetence by failing to raise the ill-advise of trial counsel in directing the admission."

■ To prevail on a claim of ineffective assistance of counsel, the defendant must meet the two-pronged standard of 1) showing that counsel's conduct falls below "an objective standard of reasonableness" under "prevailing professional norms" and 2) affirmatively proving prejudice, that is, demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Cruz,* 785 F.2d 399 (2d Cir.1986); *see generally* V. Berger, The Supreme Court and Defense Counsel: Old Roads, New Paths—A Dead End? 86 Colum.L.Rev. 9, 17–25, 102–12 (1986). Moreover, the Supreme Court has specifically held the two-part test of *Strickland* applicable to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Hill,* the Court examined the purpose of the "second prong" and concluded that it "focuses on whether counsel's constitutionally ineffective performance affected the plea process." *Id.* at 371. In order for the defendant to fulfill this requirement, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

■ Pendleton has failed to satisfy either prong of the *Strickland/Hill* test. First, Pendleton has failed to demonstrate how defense counsel's advice to admit the prior felony conviction falls below an "objective standard of reasonableness" under "prevailing professional norms." Pendleton does not contest the accuracy of the earlier conviction, a guilty plea, or allege that it was obtained unconstitutionally. Nor does he allege that his trial counsel had any reason to believe that the conviction was inaccurate or unconstitutional. While counsel's failure to inquire into the circumstances of the prior conviction might in some cases be unreasonable under professional norms, this is not such a case. It was not unreasonable for counsel to fail to contest the prior guilty plea when he was unaware of any grounds on which to contest it.

Furthermore, even with the admission of the prior felony conviction, defense counsel obtained a lenient plea on behalf of his client. Had Pendleton gone to trial and been convicted of Murder in the Second Degree, the top count of Indictment Number 120, he could have been sentenced to a maximum term of imprisonment of from 25 years to life. Had he been convicted after trial of assault in the First Degree, the top count of Indictment No. 1473, he could have been sentenced to a maximum term of from 7½ to 15 years. Furthermore, the People could have pursued the charges on Indictment Number 2684, and all sentences could have been ordered by the judge to run consecutively.

■ Pendleton's claim also fails to meet the second prong of *Strickland/Hill.* As *Hill* makes clear, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill,* 106 S.Ct. 366, 371. Pendleton has not alleged that, had counsel "correctly" advised him, he would have pleaded not guilty and have gone to trial. Instead, Pendleton alleges that he would have challenged the prior felony conviction. There is no suggestion that, had he successfully challenged the conviction, he would not have pleaded guilty. The reasonable inference from his allegations, that he would have received a lighter sentence, is insufficient to constitute "prejudice" under the strict *Hill* stan-

Article 1, Section 6 of the New York State Constitution, his petition is denied. Claims based on state law are not cognizable on federal *habeas corpus* review. *See Rose v. Hodges,* 423 U.S. 19, 21–22, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

dard. Therefore, the petition for a writ of habeas corpus on this ground is denied.

### Ineffective Assistance of Counsel on Appeal

■ Pendleton also asserts that he was deprived of the effective assistance of counsel on appeal by appellate counsel's failure to raise the "ill-advise of trial counsel." On appeal, as well as at the trial court level, Pendleton must meet the two-prong test of *Strickland,* that is, first showing that appellate counsel's conduct fell below an "objective standard of reasonableness" and, second, demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65; *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *see also Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Again, however, Pendleton has failed to satisfy the *Strickland* test.

■ The record shows that the sole issue raised on appeal was the excessiveness of the imposed sentence. Viewed in light of New York law at the time of appeal and the plea and sentencing minutes, the decision to pursue only the excessive sentence claim fell within the "reasonableness" required by the Sixth Amendment. Indeed, it was well settled New York law at that time, and continues to be, that there is no requirement for a "uniform mandatory catechism of pleading defendants." *People v. Nixon,* 21 N.Y.2d 338, 353, 287 N.Y.S.2d 659, 234 N.E. 687 (1967), *cert. denied,* 393 U.S. 1067, 89 S.Ct. 721, 21 L.Ed.2d 709; *Harris, supra,* 61 N.Y.2d at 16, 471 N.Y. S.2d 61, 459 N.E.2d 170. Consequently, no issue was raised by the court's allocution of Pendleton, and his appellate counsel was justified in not raising on appeal Pendleton's present claims. Moreover, since defense counsel never objected to the second felony adjudication, the issue was waived for review by the Appellate Division. *See* Crim.Proc.Law § 470.05. Thus, appellate counsel had no reason to believe that any attack on that ground would be successful.

Furthermore, the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 106 S.Ct. 2661; *see Jones v. Barnes,* 463 U.S. 745, 751–52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983).

Therefore, appellate counsel's conduct fell well within an objective standard of reasonableness. Similarly, no prejudice has been shown. Even if appellate counsel had raised the issue of ineffectiveness of trial counsel, the outcome on appeal would have been the same, since trial counsel's actions were reasonable under "prevailing professional norms."

Therefore, the petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.