■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER KLEIN, Appellant.—Appeal by the defendant, as limited by his motion, from two sentences of the County Court, Nassau County (Santagata, J.), both imposed February 19, 1988.

Ordered that the sentences are affirmed, and the cases are remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5). No opinion. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LAING, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Monroe, J.), both rendered November 30, 1983.

Ordered that the judgments are affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9). Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERFECTO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered May 16, 1985, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By failing to move in the court of first instance to withdraw his plea, the defendant failed to preserve for appellate review the issue of the sufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636; *People v Blount,* 129 AD2d 719). Nor is reversal warranted in the interest of justice inasmuch as the plea allocution satisfied the requirements of *People v Harris* (61 NY2d 9; *see also, People v Buckhannon,* 108 AD2d 818). The defendant's conclusory assertions at sentencing did not warrant any further inquiry and the court did not err in imposing sentence. Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.