■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER KEARNEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Dachenhausen, J.), rendered September 23, 1985, convicting him of rape in the first degree and sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record clearly reflects that the defendant's plea was entered knowingly and voluntarily (see, People v Harris, 61 NY2d 9). During the plea allocution, the defendant acknowledged that he was a persistent felony offender and that, pursuant to plea negotiations, the court intended to impose concurrent sentences of 12 years' to life imprisonment. The next day, however, the court learned that the defendant was a second felony offender, not a persistent felony offender, and, thus, it agreed to reduce the negotiated concurrent sentences to 10 to 20 years' imprisonment. The court fully advised the defendant of the change in his sentencing status and, in response to the court's inquiry, the defendant declined to withdraw his guilty plea.

Based on these facts, we reject the defendant's contention that his subsequent motion to withdraw his plea should have been granted because he was not properly advised of his sentencing status at the plea allocution. As noted above, the court fully and adequately advised the defendant of the change in his sentencing status on the day after the defendant pleaded guilty and it provided the defendant with an opportunity at that time to withdraw his plea. The defendant declined to do so. Accordingly, the defendant's subsequent motion to withdraw his plea was properly denied.

The defendant's contention that the sentencing court should have provided him with an opportunity to contest the prosecution's predicate felony statement is also without merit. The sentencing minutes reflect the fact that the defendant was provided with such an opportunity; however, he expressly declined to contest the prosecution's statement. Accordingly, the defendant waived his right to a predicate felony hearing. Mollen, P. J., Lawrence, Kooper and Harwood, JJ., concur.