■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 2, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant disembarked at Kennedy Airport from a

flight from Colombia, South America, a Customs official conducted a routine search of his luggage and discovered two unusually heavy aerosol hairspray cans. In a private search room, another Customs official punctured the cans and found each of them to contain solid blocks of cocaine. Contrary to the defendant's contention, we find that the cocaine was properly seized pursuant to a reasonable border search *(see, United States v Montoya de Hernandez,* 473 US 531; *People v Luna,* 73 NY2d 173).

We find there is no merit to the defendant's contention that his sentence should be reduced to the legal minimum simply because he is an alien subject to deportation upon his release from prison. In any event, the defendant, with the assistance of counsel, availed himself of a very favorable plea agreement. The record demonstrates that the defendant knowingly and voluntarily entered his plea of guilty and there is no indication that the plea was improvident or baseless *(see, People v Harris,* 61 NY2d 9; *People v Caban,* 131 AD2d 863). Furthermore, the defendant received the sentence that had been promised. Accordingly, he will not now be heard to complain that the sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.