■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO LUGO, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J., at *Wade* hearing; Edward McLaughlin, J., at plea and sentence), rendered May 10, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate period of imprisonment of six years to life, unanimously affirmed.

Defendant and an accomplice negotiated the sale of five kilograms of cocaine with a reliable Drug Enforcement

Agency informant in a Bronx apartment. When the cocaine was brought to the undercover agent's car, the undercover gave an "arrest signal", whereupon the defendant and his accomplice were apprehended on the roof of the building. Twenty minutes later the informant viewed the defendant, his accomplice and the drug courier to confirm the part each played in the transaction. We agree with the hearing court that there was probable cause to arrest the defendant *(People v Amoateng,* 141 AD2d 398, *lv denied* 73 NY2d 852). With regard to the claimed deficiencies in the defendant's plea, the issue was not preserved for review *(People v Mayers,* 74 NY2d 931). In any event, a plea is not rendered invalid merely because the Trial Judge does not enumerate all the rights to which the defendant is entitled or elicit a list of detailed waivers before accepting the plea. *(People v Harris,* 61 NY2d 9, 16.) Concur—Carro, J. P., Asch, Kassal and Smith, JJ.