■ J.C. SEIFTS & Co., INC., et al., Appellants, v COLGATE-PALMOLIVE COMPANY, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on November 28, 1990, unanimously affirmed for the reasons stated by Harold Baer, Jr., J., without costs. No opinion. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.

■ NATIONAL MINERAL WATER (SABEEL) Co., LTD., Appellant, v SEVEN UP CANADA INC., Doing Business as 7-UP INTERNATIONAL, INC., Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on October 2, 1990, unanimously affirmed for the reasons stated by Burton Sherman, J., without costs. No opinion. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.

(September 17, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VILLARONGA, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at *Huntley* hearing, plea and sentencing), rendered on April 24, 1989, convicting defendant on his plea of guilty of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of 15 years to life, unanimously affirmed.

On May 29, 1988, the defendant choked a 14 year old prostitute till she stopped breathing, then shoved a crack vial into her mouth. Defendant pleaded guilty to depraved indifference murder in full satisfaction of all charges. The plea allocution reveals that the defendant understood the nature of the charges, that the plea was voluntarily and intelligently made *(People v Harris,* 61 NY2d 9), and that the defendant acted with depraved indifference which resulted in the victim's death *(People v Torres,* 99 Misc 2d 767). The objective circumstances bearing on the nature of the defendant's reckless conduct satisfied each and every element of the charged crime *(People v Roe,* 74 NY2d 20). Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.