■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD HARPER, Respondent. [620 NYS2d 651] —Judgment insofar as it imposes sentence unanimously reversed on the law and matter remitted to Monroe County Court for resentencing in accordance with the following Memorandum: County Court declined to sentence defendant as a second felony offender because there was no record of defendant's prior plea, and thus the court found that it could not determine whether defendant was "fully aware of his constitutional rights that he had at that point." CPL 400.21 establishes the procedure for determining whether a defendant is a second felony offender. The court may hold a hearing on the issue (see, CPL 400.21 [5]), at which the burden of proof "is upon the people and a finding that the defendant has been subjected to a predicate felony conviction must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt" (CPL 400.21 [7] [a]). A previous conviction obtained in violation of a defendant's constitutional rights cannot be used in determining whether the defendant has been subjected to a predicate felony conviction, and a defendant "may, at any time during the course of the hearing * * * controvert an allegation with respect to the conviction * * * on the grounds that [it] was unconstitutionally obtained" (CPL 400.21 [7] [b]).

Here, the People sustained their burden of proving beyond a reasonable doubt the existence of the prior conviction. The burden then shifted to defendant "to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained" (People v Harris, 61 NY2d 9, 15). Unlike the situation in Harris, where the record of the prior conviction was silent with regard to the waiver by defendant of his constitutional rights, here there was no record of the prior conviction before the court. The burden of producing that record was on defendant. The lack of a record cannot be equated with a "silent" record. Moreover, defendant was in possession of the transcript regarding the prior conviction, and therefore his contention that the record was unavailable lacks merit. Thus, we reverse the judgment insofar as it imposes sentence, and we remit the matter to County Court to

resentence defendant as a second felony offender. (Appeal from Judgment of Monroe County Court, Egan, J.—Sentence.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.