■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER OGBUDIMKPA, Appellant. [662 NYS2d 251] —Judgment, Supreme Court, New York County (Frederic Berman, J., at suppression hearing; Joan Sudolnik, J., at plea and sentence), rendered May 10, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

After sufficient inquiry, the court properly denied defendant's motion to withdraw his plea. The record supports the court's finding that defendant's plea was entered voluntarily, knowingly and intelligently upon sound advice by counsel (*see, People v Fiumefreddo*, 82 NY2d 536). "When defendant's initial plea allocution cast doubt on his guilt, the court properly conducted a second allocution, which was free from any such doubt." (*People v Rodriguez*, 227 AD2d 206, 207, *lv denied* 88 NY2d 993.)

Defendant was properly adjudicated a second felony offender. Despite ample opportunity to do so, defendant failed to allege and prove the facts underlying the claim that his earlier felony conviction was unconstitutionally obtained (*People v Harris*, 61 NY2d 9, 15).

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations. Defendant received effective assistance of counsel. Defendant's challenge to the evidence presented to the Grand Jury is waived by operation of his guilty plea and is, in any event, without merit. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.