■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AVILES, Appellant. [755 NYS2d 841] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 28, 2000, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant was properly adjudicated a persistent violent felony offender. The record establishes that, after consultation with counsel, defendant expressly withdrew his previous challenges to the constitutionality of his predicate convictions, and that nothing in his colloquy with the court subsequent to the withdrawal revived those challenges in any manner. Accordingly, his claim that the court should have conducted a hearing on these challenges is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's vague and conclusory allegations did not warrant a hearing (see People v Harris, 61 NY2d 9, 15 [1983]). To the extent that defendant is claiming ineffective assistance with respect to the instant plea and sentencing proceedings, we find that claim to be unsupported by the record (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]). Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.

■ In the Matter of DEDE CONSTRUCTION CORP. et al., Respondents, v ALPS MECHANICAL, INC., Appellant. [755 NYS2d 842] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered July 22, 2002, which, inter alia, granted petitioners' application pursuant to CPLR article 75 to confirm an arbitration award, and denied respondent's cross motion to vacate the award, unanimously affirmed, with costs.

Respondent has failed to demonstrate that the arbitrator's award was so irrational as to require vacatur (see Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]). Indeed, we perceive no support for respondent's contention that the award consistently included amounts for items beyond the scope of the parties' contracts, particularly in view of the circumstance that the award was in an amount substantially less than that sought by petitioners under the contracts. Under the circumstances, we are unable to conclude that the arbitrator "gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (see Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]). Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.