OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law, plea vacated and matter remanded to the court below for all further proceedings.
On June 20, 2001, defendant was charged with, inter alia, aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). Thereafter, on October 31, 2001, defendant pleaded guilty and was sentenced to a fine and a conditional discharge. Defendant subsequently moved to vacate his plea pursuant to CPL 220.60 or, in the alternative, vacate the judgment pursuant to CPL 440.10. On appeal from the judgment of conviction, defendant contends, inter alia, that his plea was not voluntary and knowing, and his plea allocution was insufficient.
In People v Lopez (71 NY2d 662 [1988]), the Court of Appeals reiterated the rule that, in order to preserve a challenge to the adequacy of a plea allocution for appellate review, a defendant must either move to withdraw his plea prior to sentence, pursuant to CPL 220.60, or move to vacate the judgment in the lower court, pursuant to CPL 440.10. The Court also noted, however, that in “that rare case . . . where the defendant’s recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant’s guilt or otherwise calls into question the voluntariness of the plea . . . the trial court has a duty to inquire further to ensure that defendant’s guilty plea is knowing and voluntary” (Lopez, 71 NY2d at 666). “Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal” (id.). Upon a review of the record herein, we find that the court below did not meet its obligation of further inquiry under Lopez and, thus, reversal of the judgment of conviction is warranted.
The plea and sentencing transcript reveals that defense counsel informed the court below that some of defendant’s driver’s license suspensions “were in his brother’s name,” after *46 which the court made no further inquiry. Considering the fact that defendant was charged with aggravated unlicensed operation of a motor vehicle based on said suspensions, we find that counsel’s incongruous statement clearly required further inquiry by the court inasmuch as it casts a significant doubt upon defendant’s guilt or otherwise calls into question the voluntariness of the plea (see Lopez, 71 NY2d at 666). Moreover, the transcript reveals that defendant only said two words, “No” and “Yes,” during his entire plea. Although the court was not required to make a factual inquiry, the record must demonstrate that defendant’s plea was made knowingly and voluntarily, and the transcript herein fails to indicate the foregoing or that he intentionally relinquished or abandoned any right or privilege (see Johnson v Zerbst, 304 US 458, 464 [1938]; People v Harris, 61 NY2d 9, 17 [1983]), and a waiver cannot be presumed from a silent record (see Carnley v Cochran, 369 US 506, 517; Harris, 61 NY2d at 17). Accordingly, defendant’s plea is vacated, the judgment of conviction is reversed and the matter is remanded to the court below for further proceedings.
Pesce, EJ., Aronin and Patterson, JJ., concur.