**33** The People of the State of New York, Respondent, v Jose Figueroa, Appellant. [2 NYS3d 465]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 10, 2012, convicting defendant, upon his plea of guilty, of six counts of criminal sale of a controlled substance in the third degree, and also convicting him of violation of probation, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

Defendant's plea was knowing, intelligent, and voluntary. The court satisfactorily explained the rights defendant was waiving by pleading guilty (see People v Harris, 61 NY2d 9, 16 [1983]), and it elicited an appropriate factual allocution that cast no doubt on defendant's guilt. The record fails to support defendant's claim that the court coerced the plea. Furthermore, the court's participation in plea bargaining resulted in a lower sentence than the People were offering.

The court properly denied defendant's motion to withdraw his plea, and also properly declined to appoint new counsel. During the plea proceeding, the court specifically advised de-

fendant that he would be receiving an aggregate determinate prison term of 10 years, followed by two years' postrelease supervision. Nevertheless, in moving to withdraw his plea, defendant asserted that his attorney had told him that under such a sentence he would actually serve three years and then be paroled. The court correctly concluded that this allegation was so patently incredible that it did not require any fact-finding proceedings or substitution of counsel (*see e.g. People v Lopez*, 15 AD3d 285 [1st Dept 2005], *lv denied* 4 NY3d 855 [2005]). Accordingly, there was no violation of defendant's right to conflict-free representation (*see Hines v Miller*, 318 F3d 157, 162-164 [2d Cir 2003], *cert denied* 538 US 1040 [2003]). None of the other claims raised in defendant's oral and written plea withdrawal applications warranted substitution of counsel or further inquiry.

We perceive no basis for reducing the sentence. The record does not establish that the length of the sentence was influenced by any impermissible factors. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.