People v Davis (2022 NY Slip Op 00280)





People v Davis


2022 NY Slip Op 00280


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Ind. No. 2017/16 Appeal No. 15084 Case No. 2019-1949 

[*1]The People of the State of New York, Respondent,
v
Robert Davis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered December 4, 2018, convicting defendant, after a jury trial, of two counts of burglary in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The trial evidence, including videotapes capturing some of the material facts, established that defendant and his accomplices approached the victims' apartment while carrying handguns and concealing their faces with masks and hats. After the men tricked one of the victims into opening the door, the other victim tried to push it shut. Defendant then entered the apartment by placing his arm through the open door while holding a revolver, as the victim on the other side of the door stabbed defendant in the arm. Defendant got into the apartment when the victim was unable to hold the door closed against the push of defendant and his accomplices.
The evidence established all the elements of first-degree burglary beyond a reasonable doubt. There is no merit to defendant's assertion that, as the result of being pushed by his companions or stabbed by the victim, he "involuntarily" fell into the apartment, and thus did not commit burglary. To the extent defendant fell as he entered, the only rational explanation is that he did so as he and his accomplices were in the act of intentionally forcing their way into the apartment. Defendant also plainly entered with intent to commit a crime in the apartment.
The court correctly declined to submit criminal trespass in the first degree as a lesser included offense. In addition to the above-summarized evidence, there was evidence that defendant threatened one of the victims with the revolver, demanding to know where "it" was, and that defendant and his accomplices ransacked the apartment in an unsuccessful effort to find something. Accordingly, there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered the apartment unlawfully, but without any intent to commit a crime (People v Zokari, 68 AD3d 578, 578 [1st Dept 2009], lv denied 15 NY3d 758 [2010]).
At sentencing, the court correctly used defendant's 1995 conviction as a predicate felony in adjudicating him a persistent violent felony offender. Defendant did not meet his burden of establishing that this conviction was unconstitutionally obtained (see CPL 400.15 [7] [b]; People v Harris, 61 NY2d 9, 15 [1983]). The minutes of the 1995 conviction reveal that the court in that case providently exercised its discretion when it denied defendant's groundless request for new counsel at sentencing (see People v Porto, 16 NY3d 93, 99-100 [2010]), as well as defendant's plea withdrawal motion (see People v Frederick[*2], 45 NY2d 520 [1978]),THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022