People v Zambala (2022 NY Slip Op 00513)





People v Zambala


2022 NY Slip Op 00513


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Ind No. 226/16 Appeal No. 15170 Case No. 2019-2900 

[*1]The People of the State of New York, Respondent,
v
Edgar Zambala, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at predicate felony hearing; Felicia Mennin, J., at plea and sentencing), rendered January 8, 2019, convicting defendant, upon his guilty plea, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.
Defendant was correctly adjudicated a persistent violent felony offender. Defendant did not meet his burden of establishing that his 2003 plea conviction was unconstitutionally obtained (see People v Harris, 61 NY2d 9, 15 [1983]). There is no basis for disturbing the court's credibility determinations, made after a hearing at which defendant testified. It is undisputed that defendant was advised by the 2003 plea court that his sentence would include postrelease supervision. Given all the relevant circumstances, defendant has not established that he was unaware that the term of supervision would be five years. Defendant also failed to demonstrate that, even assuming he was unaware of that fact, he would not have pleaded guilty had he known the specific term of supervision he was facing (see People v Smith, 28 NY3d 191, 205 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022