People v Pittman (2022 NY Slip Op 03976)

People v Pittman

2022 NY Slip Op 03976

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 135/13 1129/16 Appeal No. 16153-16153A Case No. 2018-1820 

[*1]The People of the State of New York, Respondent,
v
Michael Pittman, Defendant-Appellant. 

Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgments, Supreme Court, New York County (Richard M. Weinberg, J. at pleas; Stephen M. Antignani, J. at sentencing), rendered October 4, 2017, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender, to concurrent terms of three years, unanimously affirmed.
Defendant did not preserve any of his challenges to his pleas (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the pleas were knowing, intelligent and voluntary (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Harris, 61 NY2d 9, 16-19 [1983]). The court made it clear to defendant at the plea allocutions that a prison term would be imposed if he failed to complete drug treatment, and defendant had ample opportunity to discuss his options with counsel. Defendant provides no authority for his argument that the court was required to further advise him of the programs' success rates (a matter that does not appear in the record), or that the time he spent in the programs would not count towards his prison sentence if he failed to complete them. We also find that the court sufficiently advised defendant of the rights he was giving up by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022